**FILED**
**May 22, 2026**
**01:14 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **Dylan K. Hudson,**<br>　　　　**Employee**,<br><br>v.<br>**Coca Cola North American,**<br>　　　　**Employer**,<br>**And**<br>**Ace American Insurance Company,**<br>　　　　**Carrier**. | **Docket No. 2025-10-5104**<br><br><br>**State File No. 9253-2024**<br><br><br>**Judge Audrey Headrick** |

## EXPEDITED HEARING ORDER
### *(Decision on the Record)*

---

Mr. Hudson asked the Court to order Coca Cola to authorize left-hip treatment recommended by orthopedist Dr. Todd Grebner. Coca Cola denied the treatment, asserting that his left-hip condition did not arise primarily out of his employment. For the reasons below, the Court holds Mr. Hudson is not entitled to the requested treatment at this time.

## Claim History

On January 22, 2024, Mr. Hudson, a truck driver, injured his right hip when he exited his truck and stepped down off a ladder. He immediately experienced groin and right-leg pain. Coca Cola accepted his claim and authorized treatment with Dr. Grebner, who ultimately performed a hip replacement in March 2025.

Dr. Grebner testified about Mr. Hudson's bilateral hip avascular necrosis, which he identified as a preexisting condition. He explained that avascular necrosis is the death of bone tissue caused by the lack of blood supply. Dr. Grebner identified Mr. Hudson's history of heavy drinking and smoking as factors that cause avascular necrosis. He causally related the aggravation of Mr. Hudson's right-hip condition to the work injury, which accelerated and necessitated his hip replacement.

1

Dr. Grebner also testified about Mr. Hudson's left-hip condition, which he first complained about in May 2025 after the right-hip replacement. He agreed that Mr. Hudson's right-hip surgery increased the stress on his left hip during rehabilitation. Dr. Grebner said the rehabilitation "could have" aggravated the preexisting condition. Likewise, Dr. Grebner said the rehabilitation "possibly increased pain" with his left hip. Further, he said Mr. Hudson's right-hip surgery "could bring [the need for a left-hip replacement] about faster."

**Findings of Fact and Conclusions of Law**

Mr. Hudson must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Hudson must show, to a reasonable degree of medical certainty, that his work injury contributed more than 50% in causing the need for medical treatment for his left-hip condition, considering all causes. *Id.* § 50-6-102(12). Likewise, an aggravation of a preexisting condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Id*. Further, a compensable injury is one that "in the opinion of the physician, is more likely than not considering all causes, as opposed to speculation or possibility." *Id*.

The 2013 Workers' Compensation Reform Act "increased the burden to establish causation from 'could be' to 'contributed more than 50%.'" *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *19-20 (Tenn. Dec. 22, 2025). Here, Dr. Grebner testified using language such as "could" and "possibly," which only offered uncertainty and speculation. His opinions did not establish that Mr. Hudson's work injury contributed more than 50% in causing his left-hip aggravation. *Id*. at *28. Therefore, based on the present testimony, Mr. Hudson is unlikely to prevail at a hearing on the merits in his request for left-hip treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Hudson's request for benefits at this time.

2. The parties shall appear for a status hearing on Wednesday, July 29, 2026, at 9:30 a.m. Eastern Time. The parties must call 423-634-0164 or 855-383-0001

2

to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED May 22, 2026.**

JUDGE AUDREY HEADRICK
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1.  Mr. Hudson's Rule 72 Declaration
2.  Medical questionnaire signed by Dr. Grebner on September 12, 2025
3.  Dr. Grebner's office note dated August 14, 2025
4.  Dr. Grebner's response to July 24, 2025 letter
5.  Dr. Grebner's deposition
6.  Mr. Hudson's deposition

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 22, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Christopher Markel, Employee's Attorney | | X | cmarkel@markelfirm.com jdickey@markelfirm.com |
| Doug Dooley, Gary Napolitan, Wyatt Morrison, Employer's Attorneys | | X X X X | Doug.dooley@leitnerfirm.com Gary.napolitan@leitnerfirm.com Wyatt.morrison@leitnerfirm.com Lisa.sizemore@leitnerfirm.com |

_Penny Shrum_

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*